

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-80,610-02

### EX PARTE KENNETH WAYNE BELL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C34388-CR IN THE COUNTY COURT AT LAW
### FROM NAVARRO COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to forty-three years' imprisonment.

In a single ground, Applicant contends that trial counsel failed to file a notice of appeal. We remanded this application to the trial court for findings of fact and conclusions of law. The trial court has determined that trial counsel failed to file a notice of appeal. We agree. Trial counsel, "retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning meaning and effect of the judgment rendered by the court, his right to appeal

from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal." *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988); *see also Jones v. State*, 98 S.W.3d 700, 702-03 (Tex. Crim. App. 2003).

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in cause number C34388 from the County Court at Law of Navarro County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.


Delivered: March 12, 2014
Do not publish